UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MATTHEW EVANS,

    Plaintiff,

v.                              Case No.:  2:25-cv-451-SPC-KCD

HOME DEPOT USA, INC.,

    Defendant.
/

## **OPINION AND ORDER**

Before the Court are Plaintiff Matthew Evans' Amended Motion to Remand (Doc. 21) and Defendant Home Depot USA, Inc.'s Response in Opposition (Doc. 22). For the below reasons, the motion is denied.

A defendant may remove a civil action from state court if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). The "removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Defendant invokes the Court's diversity jurisdiction over this trip-and-fall action. (Doc. 1 ¶¶ 5–16). A federal court has diversity jurisdiction over a civil action where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Because the complaint alleges only the state-court jurisdictional

amount, Defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B).

Plaintiff argues that "Defendant merely filed a notice of removal with unsupported statements." (Doc. 21 at 10). He also asserts that a "demand letter was not included in the Defendant's notice of removal" but, even if it was, "the court should not consider Plaintiff's settlement demand from a prior law firm as conclusive evidence[.]" (*Id.* at 11, 12). For these reasons, he seeks remand.

But the factual premise of Plaintiff's motion is wrong. Defendant *did not* file an unsupported notice of removal. Defendant *did* attach a demand letter to its notice. (Doc. 1-4). And, while such demand letters generally do not prove the amount in controversy by a preponderance of the evidence, Defendant attached more than a mere demand letter. Defendant included with its notice of removal detailed documentation showing that Plaintiff has incurred over $100,000 in medical bills. (*Id.* at 8–33). Plaintiff does not mention, much less challenge, the medical bills. This evidence is sufficient to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Dewitte v. Foremost Ins.*, 171 F. Supp. 3d 1288, 1290 (M.D. Fla. 2016) ("[M]edical bills related to treatments a plaintiff has undergone after an injury are sufficient to establish the amount in controversy.").

Accordingly, it is now

**ORDERED:**

Plaintiff's Amended Motion to Remand (Doc. 21) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 11, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record