**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

MATTHEW EVANS,

    Plaintiff,

v.                                                                  Case No. 2:25-cv-451-SPC-KRH

HOME DEPOT USA, INC.,

    Defendant.

_____/

## ORDER

At issue is Defendant's Motion to Compel Reasonable Witness Fee for Deposition (Doc. 47). The Motion is denied without prejudice. If needed, the Court will address this dispute at the appropriate time.

Defendant seeks to depose Plaintiff's treating doctor—Dr. Peter J. Curcione—who is disclosed as a nonretained expert. The Zoom deposition is set for one hour on July 21. And Curcione's office requests prepayment of $3,000 for the deposition. This rate purports to include a records review.

Right now, there is no need to set a rate. There are two unclear questions: (1) is Curcione subject to the Court's subpoena power; and (2) has Defendant issued a subpoena? If the answer to both is yes (which seems probable), then the Court need not intervene until Curcione seeks to quash the subpoena, Defendant moves to hold him in contempt for failure to appear at the deposition, or someone files a motion to determine the rate afterward. Before then, federal courts shouldn't

be in the business of helping lawyers and treaters negotiate depo rates in PI cases.[1]

Denying without prejudice at this juncture typically serves several ends. As a practical matter, the likely result in a mine-run case will be that the parties and expert eventually reach an agreement on their own without the need for judicial intervention. This outcome saves court resources. But it also works in the interest of litigants and experts. After all, they know far more about their cases and realities within the litigation trenches. So it would be prudent to give the parties an opportunity to negotiate between themselves and Curcione on mutually agreeable terms. *See Regions Bank v. Kaplan*, No. 8:12-CV-1837-T-17MAP, 2015 WL 4935694, at *4-5 (M.D. Fla. Aug. 18, 2015).

If it helps matters, however, the Court can do some not-so-subtle foreshadowing. There are a few things worth noting.

First, there is no law exempting doctors from complying with federal subpoenas. *See* Fed. R. Civ. P. 45; *Fraser v. AOL, LLC*, No. 3:06-cv-954-J-20TEM, 2008 WL 312670, at *1 (M.D. Fla. Feb. 4, 2008) ("When knowledge gained in that relationship bears on an issue in controversy, the treating physician assumes the obligation born by all citizens to give relevant testimony." (citation omitted)). Plaintiff named Curcione as a nonretained expert. Defendant understandably wants to depose that treater. And Defendant must simply pay "a reasonable fee for

---

[1] If Defendant cannot subpoena Curcione, it may refile; and the Court will set a rate. Should that occur, the Court needs the information necessary to determine reasonableness—e.g., Curcione's CV and Defendant's desired rate. Plaintiff (or Curcione's counsel) would need to file a response to support Curcione's rate. If needed, that filing would be due within seven days of Defendant's refiled motion.

time spent in responding to discovery under Rule 26(b)(4)(A)." Fed. R. Civ. P. 26(b)(4)(E)(i). The parties can—and should—negotiate with Curcione (more accurately his office or counsel) to arrive at agreeable terms. But if Defendant properly serves a subpoena on Curcione, then the Court expects him to comply, negotiate a resolution with counsel for both parties, or appear in this case to protect his interests. *See* Fed. R. Civ. P. 45(d)(3).

Second, prepayment is generally not required. *Tennant v. Handi-House Mfg. Co.*, No. 3:16-cv-1276-J-25MCR, 2017 WL 11105252, at *2 (M.D. Fla. Nov. 20, 2017) (collecting cases). So lack of prepaid fees would not justify refusing to attend a deposition after proper service of a valid subpoena.

Third, the claimed rate of $3,000 per hour for an orthopedic surgeon deposition in Florida is laughable. As recently as a few months ago, the undersigned was in practice—which included PI work (among other areas). Having retained and deposed orthopedic surgeons across the Middle District, I can confidently say that Curcione's rate is not even close to the realm of reason. *Gluck v. Geico Gen. Ins.*, No. 8:19-cv-634-T-27AEP, 2020 WL 339593, at *2 (M.D. Fla. Jan. 21, 2020) ($500 per hour for orthopedic surgeon depo).[2]

And fourth, Plaintiff has a lot of skin in the game. If Curcione does not

---

[2] *Cruz v. Home Depot, U.S.A., Inc.*, No. 8:11-cv-1264-T-27TBM, 2011 WL 4836239, at *2 (M.D. Fla. Oct. 12, 2011) ($750 to $1,000 per hour); *Hudson v. Waffle House, Inc.*, No. 5:19cv297-RH-MJF, 2020 WL 1698619, at *1 (N.D. Fla. Feb. 20, 2020) ($750 per hour); *Coley v. Wal-Mart Stores E., LP*, No. 3:06-cv-619-J-20HTS, 2008 WL 879294, at *2 (M.D. Fla. March 28, 2008) ($500 per hour); *Cartrette v. T&J Transp., Inc.*, No. 3:10-cv-277-J-25MCR, 2011 WL 899523, at *2 (M.D. Fla. Mar. 15, 2011) ($400 per hour).

comply with a valid subpoena, his testimony might be excluded. Usually, treater exclusion is the death knell of a PI case. And while Curcione purports to charge for pre-deposition record review preparation, Defendant need not pay for that. *E.g.*, *Hudson*, 2020 WL 1698619, at *1. Again, experts are only entitled to fees "for time spent in responding to discovery under Rule 26(b)(4)(A)." Fed. R. Civ. P. 26(b)(4)(E)(i). A litigant is not expected to pay for his opponent's expert to prepare; that simply isn't automatically reimbursable time for a deposition as contemplated by the Rule's plain language. In fact, parties often want opposing experts to testify as uninformed and unprepared as possible. The question is who, if anyone, pays for prep time? The answer is simple: a party that requires or asks an expert to prepare would pay for any necessary preparation. Here, that would probably be Plaintiff.

Everything above is, of course, negotiable out of court. So right now, Curcione and the parties have control over all aspects of the fees. They can—and, again, should—resolve this issue in a way that all sides can accept. If they cannot do so, then they can ask the Court to step in.

**ORDERED**:

Defendant's Motion to Compel Reasonable Witness Fee for Deposition (Doc. 47) is **DENIED without prejudice**.

In Fort Myers, Florida, on June 25, 2026.

_____

Kevin R. Huguelet
United States Magistrate Judge